**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daryl Keith MARSHALL,**
**Defendant–Appellant.**

No. 14–50426.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2015.*

Filed April 24, 2015.

Luella M. Caldito, Bruce R. Castetter, Assistant U.S. Attorneys, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Marks, Federal Defenders of San Diego, San Diego, CA, Shaffy Moeel, Esquire, Trial, Moeel Law Office, San Francisco, CA, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Daryl Keith Marshall appeals from the district court's judgment and challenges the revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Marshall contends that the district court erred by failing to provide him with an opportunity to be heard regarding whether his violation warranted revocation of his supervised release. Contrary to Marshall's contention, the denial of the right of allocution is not a "structural error" warranting automatic reversal. *See Boardman v. Estelle,* 957 F.2d 1523, 1530 (9th Cir.1992). Rather, we review for plain error, *see United States v. Waknine,* 543 F.3d 546, 551 (9th Cir.2008), and find none. The record reflects that, in light of his multiple prior violations, the district court rejected Marshall's request to be placed back on supervised release. Accordingly, Marshall has not shown a reasonable probability that, but for the alleged error, the district court would have determined that revocation was unwarranted. *See United States v. Dominguez Benitez,* 542 U.S. 74, 81–82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.